**William PRESSER, Plaintiff,**

v.

**Peter J. BRENNAN, Secretary of Labor, et al., Defendants.**

**Civ. A. No. C 75–83.**

United States District Court, N. D. Ohio, E. D.

Feb. 27, 1975.

Robert J. Rotatori, Gold, Rotatori, Messerman & Hanna, Cleveland, Ohio, for plaintiff.

Leonard A. Sands, U. S. Dept. of Justice, Cleveland, Ohio, S. Cass Weiland, Mitchell B. Dubick, U. S. Dept. of Justice, Washington, D. C., for federal defendants.

Charles S. Tricarichi, Charles S. Rhyne, Courts Oulahan for defendant central states, etc., Pension Fund.

### MEMORANDUM AND ORDER

WILLIAM K. THOMAS, District Judge.

Plaintiff William Presser brings his action for a declaratory judgment. He asks this court to adjudge

> . . . that Section 411 of the Pension Reform Act [Employment Retirement Income Security Act] requires a hearing before the United States Parole Board prior to that Act's retroactive application to the plaintiff . . ..

Plaintiff states that he does this to prevent irreparable damage to himself by the Department of Justice of the United States as directed by the Attorney General of the United States, Edward Levi.

Plaintiff alleges that his action arises under the Fifth Amendment of the United States Constitution and section 411 of the Pension Reform Act. Section 411(a) first provides that no person who has been convicted of, or has been imprisoned as a result of his conviction of certain designated federal or state crimes, including a violation of section 302 of the Labor-Management Relations Act, 1947 (29 U.S.C. § 186), shall serve or be permitted to serve

(1) as . . . trustee . . . of any employee benefit plan, or

(2) as a consultant to any employee benefit plan, during or for five years after such conviction or after the end of such imprisonment, whichever is the later, unless prior to the end of such five-year period, in the case of a person so convicted or imprisoned, . . . (B) the Board of Parole of the United States Department of Justice determines that such person's service in any capacity referred to in paragraph (1) or (2) would not be contrary to the purposes of this title.

### I.

Jurisdiction is asserted by the plaintiff, and it is determined that jurisdiction exists, under 28 U.S.C. § 1331(a), since the complaint raises questions under section 411 of the Pension Reform Act and the Due Process Clause of the Fifth Amendment.

The United States Department of Justice has announced its intention of prosecuting the plaintiff William Presser under section 411.

Section 411(v) makes it a misdemeanor for any person to intentionally violate the section. The Department of Justice by certified letter dated January 28, 1975, has informed each of the trustees of the Central States Pension Fund[1] that Mr. Presser is barred from serving as a trustee or in other designated capacities in connection with the Central States Pension Fund.

Parenthetically the announced bar is based on the conviction of plaintiff William Presser in the United States District Court for the Northern District of Ohio on January 22, 1971, of violations of section 186(b), Title 29 (the Labor Management Relations Act of 1947, also known as the Taft-Hartley Act) and section 2, Title 18, U.S.C. Mr. Presser was fined $12,000 on these convictions.

The letter of the Department of Justice also informs each of the trustees that

Section 411 imposes this disability upon Mr. Presser and further provides that no person shall knowingly permit him to serve in any capacity in violation of its terms.

Finally, the letter advises each trustee that any wilful violation of the section is a misdemeanor punishable as indicated.

■ The threatened prosecution under section 411 of plaintiff Presser and the trustees of Central States Pension Fund is not illusory or in futuro. It is happening. It is definite and real. Hence whether the case is regarded as one for declaratory or injunctive relief there is a "case and controversy" under Article III, Section 2 of the United States Constitution.

■ Moreover, the possible penalties to the plaintiff and the Fund trustees if they are prosecuted are sufficiently severe to force these parties to forego their legal position rather than to risk criminal prosecution if they are unable to seek a prior adjudication of their rights. In considering whether equity will act in anticipation of criminal prosecutions

one important factor is whether the penalties are so great that unless declaratory relief is entertained, the plaintiffs will, as a practical matter, be compelled to forego their legal position and be obliged to submit. *See* Terrace v. Thompson, 263 U.S. 197,

---

1. The complete name of the Fund is Central States Southeast and Southwest Areas Pension Fund.

212, [44 S.Ct. 15, 68 L.Ed. 255] (1923). *See also* Pierce v. Society of Sisters, 268 U.S. 510, [45 S.Ct. 571, 69 L.Ed. 1070] (1925).[2]

■ The Government defendants argue that this action is one which must be determined by a three-judge court under 28 U.S.C. § 2282, should this court determine that there is a substantial constitutional question. However, because the plaintiff seeks declaratory relief only,[3] and because section 2282 is a technical statute which is to be narrowly construed, it is concluded that a three-judge court need not be convened. See Kennedy v. Mendoza–Martinez, 372 U.S. 144, 154–155, 83 S.Ct. 554, 9 L.Ed.2d 644 (1963).

Thus, this court has jurisdiction to determine all issues on the merits.

This case has been heard on evidence that is largely undisputed. It consists of oral testimony and documentary exhibits. Written briefs have been submitted and oral arguments have been presented. Defendant Secretary of Labor Brennan and Attorney General Levi have moved to dismiss plaintiff's complaint. Defendant Central States Pension Fund has moved for summary judgment. Each of these motions is respectfully and respectively overruled. The trial being completed, the case will now be decided on its merits.

## II.

Plaintiff acknowledges that section 411 has retroactive application to persons convicted of one of the designated crimes prior to January 1, 1975, the effective date of the Pension Reform Act. Plaintiff correctly notes that House Conference Report No. 93–1280 states:

This provision is to apply to crimes committed before the date of enactment.

Thus the legislative history of the Pension Reform Act shows that Congress specifically intended the prohibitions of section 411(a) to apply retroactively to crimes committed before January 1, 1975, the effective date of the Act.

However, it is the plaintiff's position that under the circumstances of this case, with respect to the retroactive application of § 411, Congress intended that the strict application of the Act's sanctions not be applied until the plaintiff can receive a determination of his qualifications for exemption from the Board of Parole.

Plaintiff Presser asserts that the substantive due process challenge in De Veau v. Braisted, 363 U.S. 144, 80 S.Ct. 1146, 4 L.Ed.2d 1109 (1960) is not dispositive of the procedural due process issue raised in the present case.

As Mr. Justice Powell makes clear in his concurring opinion in Arnett v. Kennedy, 416 U.S. 134, 164, 94 S.Ct. 1633, 1649, 40 L.Ed.2d 15 (1974)

The applicability of the constitutional guarantee of procedural due process depends in the first instance on the presence of a legitimate "property" or "liberty" interest within the meaning of the Fifth or Fourteenth Amendment.

■ Counsel for Central States Pension Fund suggests that there is a liberty interest present in this case by reason of the stigma that would attach to an indictment brought against either plaintif Presser or the Fund trustees under section 411 of the Act. Arguably this is true and therefore for purposes of this court's consideration of the procedural due process argument, the existence of a liberty interest in both the plaintiff and the Fund trustees will be assumed.

A different question, however, arises with reference to the existence of a property interest.

Under the revised and amended trust agreement of the Pension Fund, the Board of Trustees consists of 16 per-

2. Bradley v. Saxbe, 388 F.Supp. 53 (D.C. D.C.1974).

3. Although the complaint asks for both injunctive and declaratory relief, plaintiff now requests declaratory relief only.

sons. Eight trustees are employer trustees and are designated by certain employer groups. The employee trustees are designated jointly by the Union as defined in Section 2 of Article I of the Agreement.

Under this designation procedure it is assumed that employee trustees serve at the pleasure of the Union. Similarly, the employer trustees serve at the pleasure of the designated employer groups.

■ But in any event, it is concluded that occupancy of the position of trustee of the Pension Fund, at all times being subject to designation by either employer groups or the Union, does not constitute a property interest within the contemplation of the Fifth Amendment.

It developed in the evidence that in each of the last two years plaintiff Presser has received substantial sums of money in per diem fees for services rendered the Pension Fund. It was suggested in oral argument that the receipt of these fees showed that plaintiff Presser has a property interest as a trustee. However, the trust agreement serves to discount this argument. Article IV, Section 15 provides that

> The Employer Trustees and Employee Trustees shall not be paid any compensation for their services hereunder for attendance at regular or special meetings of the Trustees.

The same section goes on to provide that

> Trustees who are not receiving full-time pay from an Employer, Employer Association or Union may be paid reasonable compensation on a per hour and/or per day basis for services rendered as a member of a committee, subcommittee, or while performing specific assignments, which rate shall be established and reestablished by the Trustees from time to time. Such request for expense reimbursement and/or compensation shall be submitted on a voucher form approved by the Trustees.

■ It is apparent that the fees which plaintiff Presser has received, though sizable in total amount, represent per diem fees. The test of a property interest for present purposes is whether or not plaintiff Presser had an expectancy of employment. Arnett v. Kennedy, *supra* at 151, 94 S.Ct. 1633.

■ It is plain that per diem fees, absent any assurance of the number of fees or the amount of fees, do not qualify as an expectancy of employment. Hence, as to the fees actually received by plaintiff Presser during the last two years, it is concluded that they do not represent a property interest for purposes of the Fifth Amendment.

### III.

As seen, this court assumes for the purposes of considering plaintiff's argument that Presser has an arguable liberty interest which is protected by the Due Process Clause of the Fifth Amendment. The issue for consideration, therefore, is whether or not there has been a due process deprivation in this case, assuming that Presser has such an interest.

■ The starting point is the agreement among the parties that the prohibitions against service as trustees of employee benefit plans by those convicted of designated crimes accomplishes an appropriate regulatory purpose in a reasonable and constitutional manner. This includes the right of Congress to apply the prohibitions retroactively. See De Veau v. Braisted, *supra.*

Thus Senate Report 93–127 states

> The prohibition [of section 411] is considered necessary because of the large funds involved and the attendant great risk of a loss affecting a large number of persons.

U.S.Code, Cong. & Admin.News at p. 488 (Sept. 20, 1974).

The legislative history further indicates that section 411(a) was modeled on section 504 of the Labor-Management Reporting and Disclosure Act of 1959, which bars persons convicted of certain crimes from serving as union officers.

Senate Report 93–127 indicates that Congress expanded upon the list of crimes included in section 504. The report states:

The crimes listed have been chosen with care and have been specifically expanded from those listed in Section 504, LMRDA, to assure adequate protection to participants and beneficiaries.

Thus Congress deliberately included within the prohibitions of section 411 violation of section 302 of the Labor Management Relations Act of 1947, the crime for which Mr. Presser was convicted.

Having determined the reasonableness of the Government's interest in enacting section 411, and the appropriateness of the method chosen by Congress to vindicate that interest, the court turns to the "balancing process," as Mr. Justice Powell characterizes the judicial task in *Arnett, supra* at 167, 94 S.Ct. 1633.

In determining whether there has been a deprivation of procedural due process, the court must balance the Government's interest in accomplishing the declared purposes with the interest of the individual whose service as a trustee is prohibited by section 411.

The issue raised in this case is whether or not the exemption hearing for an individual who has been convicted is to be given before the disqualification goes into effect or after the disqualification goes into effect.

Plaintiff Presser and defendant Pension Fund argue that to comport with procedural due process section 411(a) must be interpreted to provide a pre-disqualification hearing where the Act is being applied retroactively. In other words, they insist that an individual who has been convicted before the effective date of the Act may continue to occupy his position on a pension fund until he receives a determination one way or the other on his request for an exemption from the provisions of section 411(a).

The Government defendants argue that the disqualification goes into effect immediately upon the effective date of the Act and that a person to whom the disqualification applies must step down from his position on the fund until his request for an exemption is acted upon.

Section 411 contains no specific provision for an exception to be made for those cases where the Act is being given retroactive application. If Congress had wished to make an exception in cases of retroactive application, section 411 would have reflected that fact in specific words. Moreover, it is apparent that Congress prescribed one approach in the case of individuals who had been convicted of crimes, and a different approach in the case of corporations and partnerships who conceivably might be affected.

As to the latter, section 411(a) provides:

Notwithstanding the preceding provisions of this subsection, no corporation or partnership will be precluded from acting as an administrator, fiduciary . . . without a notice, hearing, and determination by such Board of Parole that such service would be inconsistent with the intention of this section.

Congress clearly intended that corporations and partnerships could continue to serve on a pension fund until the Board of Parole determined that such service would be inconsistent with the intention of this section. Individuals, on the other hand, are to be given different treatment. They are determined to be disqualified unless and until the Board grants its exemption. If Congress had intended a different result, there would have been no reason to distinguish between the treatment of individuals and the treatment of corporations and partnerships in the wording of the Act.

■ This court concludes, therefore, that facially at least the Act does not provide for predisqualification hearings for individuals and makes no excep-

tion where sanctions of the Act are to be applied retroactively.[4]

## IV.

Plaintiff Presser and defendant Pension Fund argue, however, that under the particular facts of plaintiff Presser's case the imposition of section 411's disqualification at this time without a prior hearing on his exemption request would constitute a violation of his rights to procedural due process.

As a basis for claiming an exception in the plaintiff's case he and the Fund emphasize that plaintiff Presser was not found guilty but rather pleaded guilty to the misdemeanor which has led to his disqualification under section 411. Thus, plaintiff and the Fund draw a distinction between a person who is found guilty and one who pleads guilty. They insist that Presser pleaded guilty to the misdemeanor at a time long before the passage of the Pension Reform Act and at a time when there was no disability from Union or Pension Fund activities by virtue of a misdemeanor or conviction. They seem to suggest that he would not have pleaded guilty had he been able, reading a crystal ball, to anticipate the enactment of section 411.

The difficulty with this argument is that he has already conceded, in effect, that a person who was found guilty prior to January 1, 1975, of one of the designated crimes is not now entitled to a predisqualification hearing under section 411.

Hence, had the plaintiff stood trial and had he been found guilty, by plaintiff's own analysis, he would not be in a position to assert the procedural due process claim that he presently makes.

To construe the retroactive effect of the statute to have different application to persons who were found guilty from those who pleaded guilty would itself raise a serious due process question of equal application of the laws.

Furthermore, plaintiff implies that had he stood trial he would have been found not guilty. However, in the present state of the evidence he is not free to take this position. In entering his plea of guilty on January 22, 1971, before Judge Lambros, Mr. Presser stated:

> I enter this plea because I have a moral conviction of my guilt, and because the facts charged in the indictment are true and for no other reason.

---

4. Citing Goldberg v. Kelly, 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970); Bell v. Burson, 402 U.S. 535, 91 S.Ct. 1586, 29 L. Ed.2d 90 (1971), and Wolff v. McDonnell, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974), plaintiff Presser argues that no matter what Congress may have intended when it drafted § 411, due process requires a predisqualification hearing to prevent arbitrary government action in the retroactive enforcement of that section.

Plaintiff's reliance on this line of due process cases is misplaced. As Judge Judd pointed out in United States v. Berrios, CCH Labor Relations Cases ¶ 14,285 (E.D. N.Y. Jan. 7, 1974), the issue in those cases was

> . . . whether it could be determined that an individual failed to meet legislatively established eligibility standards without affording that individual an opportunity to be heard.

As stated in *Goldberg*,

> . . . where important decisions turn on questions of fact, due process requires an

opportunity to confront and cross-examine adverse witnesses.

Goldberg v. Kelly, *supra*, 397 U.S. at 269, 90 S.Ct. at 1021.

However, in the present situation (as with the enforcement of § 504 of the LMRDA), the only fact which is relevant to the applicability of the admittedly constitutional disqualification standards which Congress has promulgated is the fact that plaintiff was convicted of one of the enumerated criminal offenses. This fact is a matter of public record and does not, therefore, need to be determined in an adversary hearing. Moreover, the factual hearing which plaintiff envisions (i. e., a hearing on an individual's eligibility for exemption) has no bearing on the applicability of the § 411 disqualification to him in the first instance and, therefore, need not be conducted before the disqualification is invoked. Thus, § 411, which does not facially mandate a predisqualification hearing, comports fully with the requirements of procedural due process.

816

Plaintiff Presser and defendant Pension Fund insist that there is a second reason for making an exception in Presser's circumstances and for ordering a predisqualification hearing. Plaintiff Presser has placed in evidence the affidavit of Mr. George Reed of the United States Parole Board. This affidavit indicates that the experience of the Parole Board under the related section 504 of the Labor Management Reporting and Disclosure Act of 1959 indicates that a request for exemption takes approximately nine months for processing. Statistics also admitted into evidence support this opinion.

Presser was "adjudged guilty as charged and convicted" of the misdemeanor in question on February 22, 1971. Under section 411 his disqualification from office will last until February 22, 1976. Plaintiff argues that his recently requested exemption will not be processed until very near the end of his disqualification period. He therefore asserts that he is being denied the right to an exemption which is provided for in section 411(a).

The fault in plaintiff Presser's logic lies in the fact that the processing of his request for exemption will take no longer or shorter than anyone else's request. He faces no greater period of delay than others convicted before or after the effective date of the Act, including those convicted without a plea of guilty. Thus there is no justification for suspending the effect of the Act's disqualification provisions while his application for exemption is being considered.

However, this is not to say that this court is unconcerned about the predictable delay in the exemption proceedings to be conducted under section 411 by the Parole Board. Surely, Congress, in making provision for administrative hearings prior to exemption determinations, did not contemplate and would not approve protracted delays in these hearings.

Nevertheless, balancing the Government's interest and the interest of this plaintiff, it is concluded and determined that procedural due process does not require a predisqualification exemption hearing and determination in Presser's particular case.

V.

There is an important aspect of this case that remains and requires a ruling. Has there been any knowing or intentional violation of this Act since it became law on January 1, 1975, by either the plaintiff Presser or by any of the Fund's trustees?

Authorized representatives of the Department of Justice represented to counsel for plaintiff and defendant Fund on January 21, 1975, that no "knowing" or "intentional" violation of section 411 would be claimed against said parties unless and until letters of notification were received by plaintiff and the other 15 trustees of defendant Fund. Counsel for plaintiff and said defendant relies in good faith upon said representations.

Letters of notification were mailed by certified mail by the Department of Justice to plaintiff and said 15 trustees, dated January 28, 1975.

On January 29, 1975, plaintiff filed his complaint and motion for temporary restraining order, in which defendant Fund joined in an answer filed February 4, 1975.

As a result of a conference with Judge Robert B. Krupansky held on January 29, 1975, plaintiff and defendant Fund, by their counsel, acting in good faith, assumed that, pending a hearing on the merits by this court, the Department of Justice would not prosecute, or claim any knowing or intentional violation of section 411 by plaintiff and the 15 other trustees of defendant Fund, unless and until this court had acted upon the pending motions and complaint.

On February 4, 1975, this court directed counsel for plaintiff to inform the court and the parties of said counsel's understanding of the conference held with Judge Krupansky on January 29, 1975, which understanding the De-

partment of Justice apparently had disputed.

On February 7, 1975, as a result of a request for hearing by defendant Fund, after the taking of evidence and statements by counsel, this court found that irreparable harm in the operation of defendant Fund would occur if a temporary restraining order pendente lite were not granted. This court entered its order that

> Commencing January 29, 1975, the date on which this action was filed, all defendants are enjoined and restrained from the enforcement, operation, and execution of section 411 of the [Pension Reform Act], as applied to plaintiff Presser and to the other trustees, officers, and employees of [defendant] Fund, to and until the hearing on the merits set before this court on February 19, 1975, and any decision thereon, on condition that plaintiff Presser, effective forthwith, take a leave of absence from the position of Trustee of said Fund, including his abstention from the performance of any services, duties or functions of any kind or nature whatsoever, direct or indirect, as said Trustee, with or without compensation or expenses during such period.

Plaintiff Presser complied.

On the evidence that I have heard it is clear to me and I specifically find and declare that neither plaintiff Presser nor the trustees of defendant Fund, from January 1, 1975, up until now, have been in violation of sections 411(a) and (b) of the Pension Reform Act of 1974.

The foregoing declaratory findings shall also apply to plaintiff in his capacity as a trustee of Central States Southeast and Southwest Area Health and Welfare Fund, and to the five other trustees of the Central States Pension Fund, who are also trustees of the Health and Welfare Fund.

Necessarily, these declarations as to knowing and wilful violations have no prospective application.