**John J. VIVERITO, Plaintiff,**

v.

**Edward H. LEVI, Attorney General of the United States of America, et al., Defendants.**

**No. 75 C 1439.**

United States District Court, N. D. Illinois, E. D.

June 18, 1975.

48

William J. Martin, Patrick T. Murphy, Chicago, Ill., for plaintiff.

James R. Thompson, U. S. Atty., James L. Coghlan, Chicago, Ill., Ryne & Ryne, Washington, D. C., for defendants.

## DECISION ON PLAINTIFF'S MOTION FOR PRELIMINARY AND PERMANENT INJUNCTION

McMILLEN, District Judge.

This case comes on to be heard on the motion of the plaintiff for a preliminary and permanent injunction against the Federal defendants. The motion is supported by three affidavits and a stipulation of fact, and the parties have agreed in open court that the pending motion is dispositive of the entire case. The parties have filed their memoranda and the court finds and concludes that the plaintiff's motion should be denied.

The plaintiff became employed as a driver by the Central States, Southeast and Southwest Areas Health, Welfare and Pension Funds on February 7, 1972. On May 23, 1972 he pleaded guilty in the Federal court to conspiracy and embezzlement from a Federal Savings and Loan Association. He was put on probation for three years and his probation was terminated satisfactorily on December 5, 1974.

On January 1, 1975 the Employee Retirement Income Security Act of 1974 took effect. Section 411(a) (29 U.S.C. § 1111(a)) provides that a person who has been convicted of certain felonies under Federal or State law cannot be employed in any capacity by an employee benefit plan unless "his citizenship rights, having been revoked as a result of such conviction, have been fully restored or . . . the Board of Parole of the United States Department of Justice determines that such person's service in any capacity referred to . . . would not be contrary to the purposes of this subchapter". When the plaintiff's probation was terminated satisfactorily, his citizenship rights were only restored to the extent that this is effected by Article 3, § 2 and Article 13, § 1 of the Illinois Constitution of 1970, S.H.A. Rights of citizenship which are controlled by Federal law have not been restored, however, including the right to serve on a jury (28 U.S.C. § 1865(b)(5)) and to possess firearms (18 U.S.C. § 925(c)).

The restoration of plaintiff's citizenship rights within the meaning of § 411 (a) has therefore not been satisfied by the successful termination of his probation. Assuming that the court which released plaintiff from probation could also have restored his full rights of citizenship (which we do not decide), that court did not do so and this does not occur automatically in the Federal court. Therefore, the procedure for doing this lies outside of this court and beyond the confines of the pending litigation.

The alternative to the restoration of rights of citizenship set forth in § 411 (a) is a hearing before the United

States Board of Parole. Plaintiff has filed a petition for such a hearing on March 3, 1975, but the application was not complete until April 9, 1975. A hearing before an Administrative Law Judge is set for June 12, 1975, but an additional period of time will pass before a decision will be rendered by the U. S. Board of Parole. If this is adverse to plaintiff, he has a right to appeal. All of these procedures consume time, but such is the nature of due process. In the meantime, plaintiff cannot resume his employment with the trust fund.

■ The administrative process is a reasonable statutory procedure for restoring the plaintiff's eligibility for employment with the pension fund, and this procedure is not being unduly delayed in this case. Furthermore, there is no known way to foresee the outcome of the procedure. In these respects, therefore, the plaintiff does not have the necessary probability of success to justify an injunction prohibiting or delaying the enforcement of § 411(a) pending the decision of the parole board. See *Doeskin Products, Inc. v. United Paper Co.,* 195 F.2d 356, 358 (7th Cir. 1952).

■ Plaintiff also attacks the constitutionality of the Federal statute. A similar New York statute was upheld in *DeVeau v. Braisted,* 363 U.S. 144, 80 S.Ct. 1146, 4 L.Ed.2d 1109 (1960); see also *Presser v. Brennan,* 389 F.Supp. 808, 812 (N.D.Ohio 1975). We do not have the jurisdiction on a motion for a preliminary or permanent injunction to enjoin the enforcement of a Federal statute on the ground of unconstitutionality. 28 U.S.C. § 2282. Furthermore, it does not appear from the foregoing cases that the plaintiff's likelihood of ultimate success on this point would justify the issuance of a preliminary injunction which would, in effect, suspend the operation of § 411(a) for an indefinite period. Since no party has requested that a three-judge court be convened and since we do not view the plaintiff's claim as sufficiently substantial to justify one,

we consider it to be in the interest of justice to dispose of the pending motions without further delay.

In short, our conclusion is that plaintiff must pursue his administrative remedy and in the meantime be bound by the provisions of § 411(a).

It is therefore ordered, adjudged and decreed that the motion of the plaintiff for a preliminary and permanent injunction is denied.